FILED
IN THE COURT OF APPEA...
AT SAN ANTONIO, TEX..
2017 NOV -1 PM 5:01

KEITH E. HOTTLE, CLERK

# 4th Court of Appeals of Texas, San Antonio

JOHN DEVILBISS, Appellant, Pro Se

v.

MAJORIE BURCH, Appellee

Court of Appeals # 04-16-00711-CV

_____

## APPELLANT'S REPLY BRIEF

_____

November 1, 2017

On appeal from the County Court at Law 3, sitting in Bexar County, Texas, the Honorable David J. Rodriguez.

County-Court Case # 2016-CV-04843

(Case heard in County Court at Law 11, before the Honorable Judge Tommy Stolhandske presiding.)

Appellant John DeVilbiss, indigent Pro Se, No home address. Mailing address: 11765 West Ave., PMB #102, San Antonio, TX 78216, Tel. (210) 986-1240, no Fax #.

# TABLE OF CONTENTS

Pg. 3    INDEX OF AUTHORITIES CITED IN THIS REPLY BRIEF

Pg. 5    SUMMARY OF THE ARGUMENT IN REPLY TO
         APPELLEE'S BRIEF

Pg. 6    SUMMARY LIST OF ERRORS & VIOLATIONS IN APPELLEE'S
         BRIEF

Pg. 7    SUMMARY OF A COURT CLERK TIMING VIOLATION IN THE
         PROCESSING OF THE COUNTY COURT JUDGMENT

Pg. 9    ARGUMENT CONTESTING APPELLEE'S NOTION THAT THIS
         COURT LACKS SUBJECT MATTER JURISDICTION IN THIS CASE
         BEFORE THE COURT.

Pg. 14   ARGUMENT AS TO VIOLATION IN THE PROCESSING OF THE
         COUNTY COURT JUDGMENT

Pg. 19   ESTIMATE OF DAMAGES CAUSED DEFENDANT/APPELLANT
         THROUGH THIS SUIT

Pg. 23   A SIDE-NOTE: THE TYPICAL TENANT'S LEGAL DILEMMA

Pg. 24   CONCLUSION

Pg. 26   CERTIFICATE OF SERVICE

Pg. 27   CERTIFICATE OF COMPLIANCE

Pg. 28   APPENDIX FOR APPELLANT'S REPLY BRIEF

# INDEX OF AUTHORITIES

## CASES

Pgs. 12, 13, 13, 13, 18     *Marshall v. Housing Auth. Of the City of San Antonio*, 198 S. W. 3rd 782, 787 (Tex. 2006)

Pg. 14     *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W. 3rd 821, 822 (Tex. 2000)

## TEXAS RULES

## Texas Rules of Civil Procedure:

Pgs. 5, 7, 12, 14, 15, 15, 15, 19, 25     Rule 627

Pgs. 12, 12, 13     Rule 746, cited indirectly in Appellee's Brief, Repealed effective August 31, 2013

Pgs. 13, 31     Rule 13.  Effect of Signing Pleadings, Motions and other Papers; Sanctions.

Pgs. 17, 17, 18     Rule 510.3(e). under Petition

Pg. 17     Rule 510.8. JUDGMENT; WRIT; NO NEW TRIAL

Pg. 17     Rule 519.8(c)

(continued on next page)

## Texas Rules of Appellate Procedure:

| | |
|---|---|
| Pg. 5 | Rule 38.2(a)(c); |
| Pgs. 5, 32 | Rule 38.3. Reply Brief |
| Pg. 5 | Rule 43.2(c). Types of Judgment |
| Pg. 6 | Rule 10.1(a) |
| Pg. 6 | 10.1(a)(5). MOTIONS IN APPELLATE COURTS. |
| Pg. 6 | Rule 10.4(2): In a civil case, a single justice should not dismiss or otherwise determine an appeal or a motion for rehearing. |
| Pgs. 6, 10 | Rule 38.2(a)(1)(B) |
| Pg. 6 | Rule 9.5(a) Service of All Documents Required. |
| Pg. 10 | Rule 25.1(b) |
| Pgs. 11, 14 | Rule 38.2(a)(2) |

---

## SUMMARY OF THE ARGUMENT IN REPLY TO APPELLEE'S BRIEF

Appellant appealed the Judgment in County Court, not only the eviction; herein Appellant reports procedural errors in Appellee's Brief, and the misinterpretation of case law cited by Appellee. Appellant also reports a Texas Rules of Civil Procedure ("TRCP", herein) violation (Rule 627) on the part of the County Clerk in enforcing the appealed Judgment, judgment which was appealed in a timely manner.

Contrary to assertions in Appellee's Brief, Appellant's Amended Brief indeed asserted a potentially meritorious claim of right to current, actual possession of the rental condo premises/property in question (but not the land) at 209 W. Silver Sands, Dr., condominium #1, San Antonio, Texas 78216.

Appellee's Brief is incorrect, or improper, or self-contradictory, or uninformed, in various respects per this appeal before this Court, as described herein; but most importantly, Appellee's Brief is incorrect in advising this court that this court lacks subject matter jurisdiction in this appeal that has been before this court for almost a year. For instance, Appellee would admit this Court has subject matter jurisdiction to GRANT Appellee a time extension to file Appellee's Brief, and to review it. If so, then, logically, this Court has subject matter jurisdiction in this case before the Court, and Appellee's Argument to the contrary is faulty and devoid of relevance. Given that Appellee's Brief does not contest the ten (10) issues presented in Appellee's Brief, this Court has the authority to decide the case from the statement of facts and the 10 issues with corresponding argument, as presented in Appellant's Amended Brief. ((TRAP Rule 38.2(a)(c)); Rule 38.3. Reply Brief; and TRAP 43.2(c). Types of Judgment).



## SUMMARY LIST OF ERRORS & VIOLATIONS IN APPELLEE'S BRIEF

1. As to the applicability of the jurisprudence cited, some of which is based on obsolete citations, or inapplicable to this case before this Court.

2. As to filing a Motion to Dismiss without conferring, first, with all other parties. See TRAP Rule 10.1(a), and 10.1(a)(5). MOTIONS IN APPELLATE COURTS. Specifically, a Motion to Dismiss is controlled by TRAP Rule 10.4(2): In a civil case, a single justice should not dismiss or otherwise determine an appeal or a motion for rehearing.

3. As to form, per TRAP Rule 38.2(a)(1)(B)

4. As to Appellee's Brief lacking any references to the Record for this case.

5. As to the Certificate of Service, which improperly does not include Susan DeVilbiss, a party (Defendant) to this suit, who filed her Answer 6 days after trial (ruled irrelevant in the Trial on Appeal), named in the full name of the case in County Court, and named in the Judgment from County Court as Defendant (See Appellant's A. Brief, Appendix, Exhibit # 12) and in the undated NOTICE OF JUDGMENT from the County Clerk (See Appendix to Appellant's Reply Brief, Exhibit #14). The Texas Rules of Appellate Procedure ("TRAP", herein) Rule 9.5(a). Service, reads in part: "(a) Service of All Documents Required. At or before the time of a document's filing, the filing party must serve a copy on all parties to the proceeding."

6. As to the number of current, active, issues in this case on appeal (more than one), issues described in detail in Appellant's Amended Brief (which Appellee choses to call controversies, contrary to the TRAP official terminology.)

7. As to the irrelevance of two unofficial documents offered in the Appendix of Appellee's Brief (copies of unfiled, unofficial, documents), and not referred to in Appellee's Brief.

8. As to the irrelevance of the three official documents also offered in the Appendix of Appellee's Brief, one of which is a copy of a Warrantee Deed naming Majorie J. Burch as grantee (not Marjorie J. Burch, Petitioner in this case before the COA4). These copies of documents are not referred to in Appellee's Brief.

9. As to the two self-contradictory arguments presented: one arguing this Court of Appeals must dismiss this case for lack of subject matter jurisdiction; and the other arguing that this court of appeals maybe does have subject matter jurisdiction.

10. As to the number of issues a Defendant can raise in an eviction suit that violated time & notice requirements, though issues are appealable at any time. A fatal violation.

11. As to the circular reasoning presented in Appellee's Brief concluding that a judgment from County Court #3 cannot be appealed in a timely manner, because the County Court issued a write of possession as part of the execution of the judgment.

12. This Court has the authority to decide whether Appellant's Amended Brief contains "a potentially meritorious claim of right to current, actual possession", among other issues or current, active controversies. Appellant appealed the County Court Judgment, which was prematurely enforced, as indicated herein; and not only the Eviction.


## SUMMARY OF A COURT CLERK TIMING VIOLATION IN THE PROCESSING OF THE COUNTY COURT JUDGMENT

TRCP Rule 627. TIME OF ISSUANCE, requires a 30 day wait counting from the time the order overruling the motion for new trial or in arrest of judgment is signed. Yet, the writ of possession was issued prematurely (the day before the overruling of the motion) by the County Clerk, without allowing any of the required wait time. The result is complication of this case before the Court of Appeals, because

proper order was not followed in County Court, but making the enforcement of the County Court judgment (and the writ of possession) invalid.

~ . ~

# ARGUMENT

## ARGUMENT CONTESTING APPELLEE'S NOTION THAT THIS COURT LACKS SUBJECT MATTER JURISDICTION IN THIS CASE BEFORE THE COURT.

### I

Herein paraphrased, Appellee's Brief "respectfully" advises and informs this court that during the 347 days this Court of Appeals had been reviewing Briefs, and issuing Orders per this appeal of a judgment signed in County Court #3 on October 11, 2016, the process had been ongoing without subject matter jurisdiction.

Yet, Appellee waited from October 28, 2016 until October 10, 2017 to advise and inform this Court about Appellee's (incorrect) opinion as to applicable case law.

Nonetheless, the process of appeal has already included a motion from Appellee for extension of time to file Appellee's Brief, and an Order granting that request, so that Appellee's Brief could be filed enabling Appellee to claim therein that this court has no subject matter jurisdiction in this case before the Court. But that would be a matter for the Texas Supreme Court to decide, not Appellee's attorney(s). Pardon an analogy, which does not prove anything, but such rationalization is like a snake eating its own tail, except that the snake senses the pain it is causing, yet Appellee does not. This suit has damaged the tenants profoundly.

Even without review of the case law cited in Appellee's Brief, its main argument is self-contradictory, a self-serving out-of-context conclusion searching for compatible premises in case law; not for the truth, and not for justice. And, some of the case law cited in Appellee's train of thought is found to be obsolete, as described herein.

Therefore, Appellee's first argument is devoid of relevance. At the very least, the Sanctions imposed unfairly on Defendant/Appellant (County Clerk's Record, item #38, October 10,2016), one day after the County Clerk prematurely enforced the judgment, are a current, active controversy, mentioned in Appellee's Brief.

An appeal can proceed even when a writ of possession has been issued by a court. For instance, the TPC, section 24.0054 (Tenant's Failure to Pay Rent During Appeal), though Defendant/Appellant has paid rent as ordered, first in Justice Court, and later in County Court, reads as follows (text of subsection effective Jan. 1, 2012):

> "..... The justice court shall forward the transcript and original papers in the case to the county court for trial de novo, notwithstanding the fact that a writ of possession under this section has already been issued."

Therefore, a writ of possession does not block or impede the process of a timely appeal regarding a judgment that issues a writ of possession, at least it does not in an appeal from justice court.

# II

The second argument in Appellee's Brief presents an out-of-order set of the facts of this case, violating the format required in TRAP 38.2(a)(1)(B), and then expresses an Appellee's belief, not evidence, without referencing the County Clerk's Record throughout the entire Brief; and then it merely restates the conclusion from the 1st argument offered, which is not only incorrect, but also, in Appellant's opinion, disrespectful to this Court. Appellee's Brief pretends to enlighten this Court as to its jurisdiction, notwithstanding TRAP Rule 25.1(b):

> "(b) Jurisdiction of Appellate Court.   The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from."

This subsection, quoted above, does not limit the jurisdiction of this Court. But, upon close examination, the case history cited does not apply to this case before this Court. Therefore, effectively, the legal argument in Appellee's Brief is one, not two; and paraphrased, Appellee's confused opinion could be worded as: Two lower courts have sided with Petitioner/Appellee, and a writ of possession has been issued; therefore, (allegedly) there's nothing COA4 can do about it.

TRAP 38.2(a)(2) reads:

> "(2) When practicable, the appellee's brief should respond to the appellant's issues or points in the order the appellant presented those issues or points."

But Appellee's Brief ignores the ten (10) current, active, issues presented in Appellant's Amended Brief, and makes no attempt to follow the predetermined sequence. It is obvious that Appellee would rather not respond to those issues posed with references to the Record, because some of them are fatal violations on the part of Petitioner/Appellee. And the "controversies" Appellee's Brief declares resolved, are obviously current, active issues, since they are aspects of the judgment, which is on appeal. Therefore, per the case history presented in Appellee's Brief, we can be confident that this Court has subject matter jurisdiction in this case before the court, as would be expected.

# III

Regarding case law cited in Appellee's Brief, it quotes from *Marshal v. Housing Auth.* As pertinent jurisprudence, but that Decision contradicts Appellee's interpretation.

> "The only issue in a forcible detainer action is the right to actual possession of the premises."

But *Marshal v. Housing Auth.* cites the following to establish this exclusivity:

"TEX. R. CIV. P. 746; see also TEX. PROP. CODE § 24.001."

Nonetheless, Appellee/Petitioner did not mention this case law in Trial on Appeal, so raising it now is out of order.

Nevertheless, for the sake of clarity and completeness, the Texas Property Code ("TPC, herein) section 24.001 is about Forcible <u>Entry</u> and Detainer cases, which does not pertain to this case before this Court. This case was initiated as a forcible detainer suit, not a forcible <u>entry</u> and detainer suit. (See Petition, item #1 in Appellant's Amended Brief). No claim or evidence of forcible entry or violence has been filed per this case from its initiation.

<u>And, the TRCP, rule 746, cited in *Marshal v. Housing Auth.* has been repealed,</u> effective August 31, 2013. In this respect, the TRCP reads:

"[Rules 737-755 Repealed effective August 31, 2013]"

*Marshall v. Housing Auth.* also states:

"Thus, if a proper supersedeas bond is not filed, the judgment may be enforced, including issuance of a writ of possession evicting the tenant from the premises. However, there is no language in the statute which purports to either impair the appellate rights of a tenant or require a bond be posted to perfect an appeal. See id. Marshall's failure to supersede the judgment did not divest her of her right to appeal. See TEX. R. CIV. P. 621, 627; TEX. R. APP. P. 24, 25."

Please note the second sentence, which Appellee's Brief leaves out:

"<u>However, there is no language in the statute which purports to either impair the appellate rights of a tenant or require a bond be posted to perfect an appeal.</u>" [emphasis mine]

But Appellee, in self-contradiction, further in the Appellee's Brief (Pg. 6, line 9) admits that failing to post a supersedeas bond (or cash) does not invalidate the right to appeal to this Court of Appeals.

The characteristics of *Marshall vs. Housing Auth.* are different than in this case before this Court.

But obviously, the issue of unpaid rent has also been raised by Petitioner in this suit. So, the statement cited in Appellee's Brief, in quotes above must be understood from its context.

Here, Appellant must point out that the action that initiates the forcible-detainer suit must also conform to TRCP Rule 13. Effect of Signing Pleadings, Motions and other Papers; Sanctions. Specifically, Appellant would point to:

> "Attorneys or parties who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose," ... "If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215-2b, upon the person who signed it, a represented party, or both."

In *Marshall v. Housing Auth.*, the Texas Supreme Court is referring to a forcible-entry detainer suit (quoting TEX. PROP. CODE § 24.001. and referring to TRCP Rule 746, repealed more than 4 years ago.) Therefore, the highest court's statement (Texas):

> "The only issue in a forcible-detainer action is the right to actual possession of the premises."

is not to imply that a Defendant in a forcible-detainer suit cannot raise issues of time and notice violations, issue of standing, court procedure issues, retaliation issue, etc., especially when all the issues were initiated by Petitioner/Appellee

while disregarding the Texas Property Code, especially when the rules of appeal permit it.

# IV

Appellee's Brief reads (pg. 5, second sentence):

"When an issue on appeal is rendered moot, the court lacks subject matter jurisdiction. See Valley Baptist Med. Ctr. v. Gonzalez, 33 S.W. 3rd 821, 822 (Tex. 2000). (stating that courts have no jurisdiction over mooted controversies because they cannot issue advisory opinions)."

No one is claiming that this court has SM jurisdiction when an issue on appeal is rendered moot. That follows from pure logic. (But Appellee's Brief has changed in this sentence from the topic of "SM jurisdiction", to the topic of "jurisdiction" overall; that is, from a specific sense, to a general sense or use of the word "jurisdiction".) Secondly, this Court is not about to waste judicial time on a moot issue; but there is more than one issue in this appeal (in fact, there are many), and Appellee's Brief does not contest any of the ten, presented in the proper format stated in TRAP Rule 38.2(a)(2), with references to the Record of this case.

## ARGUMENT AS TO VIOLATION IN THE PROCESSING OF THE COUNTY COURT JUDGMENT

TRCP 627. Time of Issuance, reads:

"... If a timely motion for new trial or in arrest of judgment is filed, the clerk shall issue the execution upon the judgment on application of the party or his attorney after the expiration of thirty days from the time the order overruling the motion is signed or from the time the motion is overruled by operation of law."

TRCP 627 requires a 30 day wait counting from the time the order overruling the motion (for new trial or in arrest of judgment) is signed. Per the judgment in County Court per this case, the writ of possession was issued, as part of the execution of the County Court judgment, prematurely (the day before), without any wait time at all.

In this case before the COA court, the order overruling the motion was signed on October 28, 2016 (pg. 165 of the County Court Clerk's Record), but the writ of possession had already been filed the day before (not 30 days after October 28, 2016), on October 27, 2016 (pg. 153-157 of the County Court Clerk's Record). Therefore, the County Court Clerk is in violation of TRCP Rule 627, as evidenced by the same Clerk's Record.

Similarly, Appellant/Defendant John DeVilbiss was physically evicted non-violently by the Sheriff only 14 days after the signing of the (final) Judgment in County Court #3. That is another violation of TRCP Rule 627, since enforcement of the Judgment was very premature in this particular case. Appellant's ex-attorney Garcia-Tagle terminated/refused giving Defendant/Appellant John DeVilbiss legal advice immediately after the CC trial was completed on October 7, 2016. But he then proceeded to, later and before October 11, 2016, without Defendant/Appellant's authorization to sign the final judgment as composed by Petitioner's attorney, and had failed (as of August 2017) to withdraw from the case as he promised Appellant on the afternoon of October 7, 2016. Appellant dismissed his attorney on October 7, 2016, and the presiding Judge in County Court (the Honorable Judge Tommy Stolhandske) allowed Defendant to appear at two hearings as Pro Se, one on October 20, 2016, and the other on October 28, 2016. The judge didn't bother to check with my ex-attorney as to exactly when he withdrew from the case, and permitted Defendant/Appellant to represent himself. This unethical situation on the part of Defendant/Appellant's ex-attorney left Defendant/Appellant without formal legal advice, and it also formed a legal

loop-hole for Petitioner's attorney for file for sanctions, sanctions which were in-part granted by the presiding judge in County Court.

Similarly, PLAINTIFF'S MOTION FOR SANCTIONS (now Appellee), a frivolous motion allegedly based on "bad faith" on the part of Defendant John DeVilbiss (now Appellant), was filed on October 27, 2016, the very day the judgment was being enforced by the CC Clerk. The order granting Plaintiff's motion for sanctions was signed after the judgment was unlawfully enforced prematurely on October 28, 2016, showing that the CC Clerk considered the judgment at that time as final (and therefore appealable). Therefore, the sanctions were NOT included in the judgment signed, and that is the reason they have not been enforced. [This explains why the sanctions have not been paid, nor have funds granted in the signed judgment to the same Defendant (now Appellant) been taken from the CC Registry to pay those sanctions.]

Appellant is praying for restitution of the rent paid under a fraudulent written lease (the name of the property owner, doing business in Bexar County does not appear anywhere on the written lease), and because Appellant was wrongfully evicted as described and argued in Appellant's amended brief, resulting in physical injury, and damages to his formal marriage to the other original Defendant in this case.

Appellant's Amended Brief cites Texas case law to contest the necessity of any signature on a lease, unless the wording of the lease requires all signatures of the parties to the agreement for the lease to be executed). It centers on exactly which rights an indigent, tenant under a written fraudulent lease, has, without being able to afford a supersedeas bond.

Appellee's Brief refers to TRCP 510.3(e) to support the statement that "It is well settled that the only issue in a forcible-detainer action is the right to actual possession of the premises."

Nevertheless, this part of TRCP 510.3 PETITION is in the TRCP context of the PETITION, and therefore refers only to the initiation, the Petition, of such suit. Thus, this section places limits on what such petition can be about. This section of the TRCP does not place limits on the Defendant(s) damages to be considered in a judgment, at any court level of the judicial system.

TRCP 510.3(e) states:

> *"Only Issue.* The court must adjudicate the right to actual possession <u>and not title</u>. Counterclaims and the joinder of suits against third parties are not permitted in eviction cases. A claim that is not asserted because of this rule can be brought in a separate suit in a court of proper jurisdiction." [emphasis, mine]

Rule 510. EVICTION CASES, and its subsections, pertain to Justice of the Peace courts, since those courts are the proper court to file an eviction case.

Though counterclaims are not permitted in eviction cases, TRCP 510.8. JUDGMENT; WRIT; NO NEW TRIAL refers only to what can is permitted at the Justice of the Peace court level as regards to Eviction cases. For instance, no new trials are permitted, but an appeal from those courts can result in a new trial in County Court. Also, there are New Trials in County Court.

TRCP 519.8(c), for instance states:

> "If a judgment is in favor of the defendant, the judge must render judgment for defendant against the plaintiff for costs and attorney fees if recoverable by law."

Thus, other issues can be considered, not only the issue of possession, if those relate properly to faults in the Petition for Eviction. Otherwise, the Defendant(s)

would have no rights to counter the allegations in a wrongful eviction such as in this case.

Therefore, the statement made by the Texas Supreme Court in *Marshall v. Housing Auth.* cannot be interpreted as limiting any court with jurisdiction on this case to permit only a single issue, that of possession raised by the plaintiff, and only the plaintiff. Within the overall context of TRCP 510., all the subsections refer to the one issue the PLAINTIFF can properly raise in the Petition for Eviction, according to TRCP. TRCP Rule 510.3(e) does not limit the issues that a Defendant can raise in Justice of the Peace court, nor what issues a Defendant can subsequently raise after a perfected appeal to County Court, or in an appeal to the Court of Appeals. Obviously, the right to appeal in a timely manner is not an issue in a forcible-detainer action.

Action is, by definition, by a plaintiff, and such action is not limited to the issue of possession, for obviously, the Petition for Eviction in this very case opens other issues, such as those specified in the Petition under REQUEST FOR JUDGMENT, and it reads (Exhibit 1, Appellant's Amended Brief):

"REQUEST FOR JUDGMENT:     Plaintiff prays that defendant(s) be served with citation and that plaintiff have judgment against defendant(s) for: possession of premises, including removal of defendants and defendants' possessions from the premises, unpaid rent IF set forth above, attorney's fees, court costs, and interest on the above sums at the rate stated in the rental contract, or if not so stated, at the statutory rate for judgments under Civil Statutes Article 5069-1.05."

<>

## ESTIMATE OF DAMAGES CAUSED DEFENDANT/APPELLANT THROUGH THIS SUIT

Indigent Appellant is Pro Se out of necessity, and currently does not have a source for legal advice at all. Appellant had never been sued, and he had never prepared a Brief; and has been contested by an expert in eviction litigation and experienced Board-certified attorney. Therefore, Appellant can only attempt to submit a layman's analysis of various categories of Damages that could be applicable and fair, as to the law:

**-1. Appellant's attorney's fees, and Court costs.** Appellant had to incur debt to hire attorney Garcia-Tagle for a few hours, to represent him at Trial on Appeal. The total amount agreed with Mr. Garcia-Tagle is $1050. Attny. Garcia Tagle did a remarkable job, considering the County Court forced him to be "ready for Trial" when he had recently returned from a trip, and had not had a chance to look into all the important aspects of the case. Nevertheless, Mr. Garcia-Tagle did not withdraw officially from the case, as he promised Defendant/Appellant on October 7, 2016, immediately after the presiding judge ruled for Petitioner. If this court would allow, Appellant would compile a lost of the cumulative Court Costs he has had to pay, including certified mailings, copies, office supplies, etc., and provide copies of receipts.

**-2. Tenant peace & quiet disruptions.** Alleged representatives (kin) of the rental property owner disrupted tenant's peace & quiet with invasion of their privacy through this suit filed with Time & Notice violations of the Texas Property Code, and have since blamed the two tenants for the time-consuming consequences, and for Appellee's attorney's fees. Appellee's Brief declares there are no current, active "controversies" in this case before this Court, and yet points to the latent Sanctions ordered in County Court against Appellant, sanctions that were unfair to Appellant as explained in Appellant's Amended Brief. Appellant has Prayed to this Court that those sanctions be reversed, since they County Clerk enforced the judgment prematurely in violation of TRCP Rule 627.

**-3. Punitive Damages.** Appellee is responsible for composing a fraudulent lease that is not in the name of the registered owner of the condo in question. That illegal maneuver on the part of the condo owner, and her failure to properly identify herself on the lease and to her tenants until she decided to increase the rent rate, developed a controversy about what rights the condo owner had, and what rights the tenants had and as to whether proper procedures were followed in the eviction suit, especially since tenant John DeVilbiss' name was written on the lease (Resident) but was not given any opportunity to sign the lease, but the lease wording does not require signatures for execution of the lease agreement. Appellant's Amended Brief describes this issue in detail, under the Issue of Standing. To the extent Appellant knows about Remedy, which he could research further, if allowed, it seems to him that Punitive Damages are in order, so other rental-property owners don't try to use that same loop-hole to avoid the responsibilities of a binding lease/contract. Appellant has requested in the Prayer of Appellant's Amended Brief the recovery of all the rent paid to Appellee Marjorie J. Burch to date. This amounts to at least $25,200 (2 years+10 months at $675 per month, plus Sep., Oct., and Nov. rent paid into the courts register at $750 per month). In addition, the deposit per the rental has not been reimbursed to him.

**-4. Liable for Perjury.** Appellee is liable for initiating a dishonest Petition, that led to the surprise eviction of John DeVilbiss, who had paid the rent for that month of November 2016, and had been filing Pro Se a motion for New Trial and Arrest of Judgment.

**-5. Compensatory Damages, Liable for Medical expenses.** Tenant John DeVilbiss' health deteriorated in several respects as a direct consequence of the surprise eviction, caused by a clerical error in County Court.

The Sheriff mentioned to vacating tenant John DeVilbiss that Petitioner's attorney called him repetitively to accelerate the eviction during a rainy week. Tenant John DeVilbiss collaborated as much as possible, but didn't own a car or a covered truck. He was frantic under extreme pressure, trying to respond positively to the

Sheriff. Resulting from packing in a rush, and carrying/loading heavy boxes as fast as possible when the rain ceased and a neighbor could lend a truck for a short while, tenant John DeVilbiss suffered a back-muscle spasm and injuries to his wrists that were intense for about a month, but became chronic due to the stress of studying for this appeal, and abandoned by his attorney of record.

The Impact Urgent Care Clinic, located at 1211 Austin Hwy, #110, San Antonio, TX 78209, diagnosed the muscle spasm, at the time; and tenant John DeVilbiss had to stay in a motel nearby for a week unable to move or stand much or carry anything. Upon leaving the motel he found himself home-less. One shelter that charged $300 per month was so infested with bedbugs, mice, and fleas that none of his friends could help him find an alternate place to sleep, as he was covered with bug bites (except on his face). He had to medicate himself (with insecticide for horses), since he couldn't risk going to a doctor and infesting other people. He preferred to sleep outdoors in the cold of Winter, but at least he was freed from the bedbug infested shelter. At that point in time he developed cavities since he could only wash at a sink with freezing water, and the Salvation Army shelter didn't have warm or hot water at the time (system broke down).

To date, tenant John DeVilbiss, as a direct result of the surprise wrongful eviction during a rainy week, without his wife or a car to help vacate, <u>continues to suffer</u> from a sprained hip, lumbar strain, back-muscle spasms, injured wrists, weak eyes, and a sprained muscle deep in the neck as diagnosed by the current physical therapy center called Catalyst (see attachments to Appellant's Motion for 3rd time extension, in this case, 4th Court of Appeals). He previously traded with a chiropractor for $900 of treatments for a left hip subluxation, and was almost well, but has now relapsed due to the stress resulting from this suit.

Medical diagnoses and treatment, including a persistent bladded infection, have mainly been paid by Medicare/QMB, except for $1000 of urgent dental work, and the $900 of chiropractic treatment which was not covered by insurance at the time. The physical injuries resulting from the wrongful eviction and the homeless situation also resulting from the eviction (since Defendant/Appellant paid into the

County Court Register rent for Nov. 2016, but vacated on Nov. 10, 2016, as Appellee's Brief details; also see item # 48 in the County Clerk's Record Index.)

**-6.** Special Compensatory Damages. Loss of earnings. During this past year, due to the intense requirements of this suit, Defendant/Appellant has not been able to take on any kind of job, as the economy has improved. It is Appellant's opinion that Special Compensatory Damages are in order, and would amount to approximately $15,000, and this is calculated at the low hourly rate of pay Appellant used to work for.

**-7. Refund of funds in the Register is under appeal.** The Judgment in County Court allowed for: "The remaining amount in the Registry to be released to John Devilbiss". But the judgment from County Court is currently on Appeal, and it is up to this court to decide what to do with those funds in the register, if it is a significant amount. A court order is necessary to obtain such refund.

**-8. Compensatory, General Damages.** This suit has affected the formal marriage relationship of the two initial Defendants in this suit, since more than a year ago.

In Appellant's opinion, the arrogant treatment, not from the condo rental owner, but from her agent and attorney, who only made the situation worse with further violations of the TRCP, justifies Hedonic Damages from Appellee's official representatives for the direct negative effect on the tenant's marriage relationship. Hedonic Damages are intangible, but the way in which the representatives of Appellee handled the matter impacted the marriage with the loss of enjoyment of life, and some restitution is in order in Appellant's opinion. For one year of loss of enjoyment of life, directly caused by this suit, Appellant would estimate Hedonic Damages in the amount of $1000 per month, which would total $12,000.

Most important, months have passed since Defendant/Appellant has been permitted to talk to his step-granddaughter, or to his wife, as a direct result of this suit. The wrongful eviction appears to indicate to Appellant's wife that he had no rights under the lease, and therefore blames him for the suit. But

jurisprudence has settled the matter of a contract without signatures, so it has been important to demonstrate to Appellant's wife that indeed he has tenant rights under the (fraudulent) lease because he paid monthly and on-time the full rent from his income. The relevant part of the Texas Property Code (Residential Tenancies) does not define someone who pays rent, as mere "Occupant" (the opposite is true in: § 92.016 and § 92.0161). Texas law recognizes that a contract need not be signed to be 'executed' unless the parties explicitly require signatures as a condition of mutual assent, which the written lease in this case does not require.

-9. Punitive Damages II. Appellee is liable for doing business in Bexar County under an unofficial name, as detailed in Appellant's Amended Brief. The initiation of a law suit is pending per the Texas Business & Commerce regulations, and Appellant waits to know if his standing as a tenant under the written lease per this case before the court is honored, since the lease does not require signatures for execution of the lease, and Appellant is defined on the lease agreement as Resident.

## A SIDE-NOTE: THE TYPICAL TENANT'S LEGAL DILEMMA

As a side-note, Appellant offers herein a general perspective of the typical tenant's legal dilemma, though tenants originate the funds rental-property owners use to pay taxes, and are numerous enough to possibly affect a judge's reelection:

An entire industry of eviction litigation takes advantage that an indigent tenant cannot afford a supersedeas bond, and is bullied in JP and County Courts in Bexar County, with or without attorney representation (as occurred in this case in JP and County Courts). A hired defense attorney will immediately attempt to settle out of court (give up), for "the money" in these type of cases is with the Plaintiffs, the property owners, not with the Defendant(s). Therefore, the court system can

generally be used by owners of rental property, who typically have much more financial assets, to intimidate their tenants into submission, and ignore the respective leases when the owners find it convenient, or if the lease is difficult to interpret (as most leases are).

The lease per this suit is a compact 2-page legal document, but it protected the rights of the tenants. Petitioner wanted to eradicate that lease, and replace it with a voluminous alternative which gave tenants very few rights. Rental leases are typically adhesion contracts, but in this suit the lease is an unconscionable adhesion contract because the condo owner failed to properly identify while doing business in Bexar County, from Nueces County, Texas. Therefore, this suit is a cover-up for an illegal lease, as is more fully explained in Appellant's Amended Brief.

## CONCLUSION

Appellee's Brief argues in circular reasoning. Starting from a mistaken notion that only the issue of possession can be considered in an eviction suit (which would effectively eliminate Defendants rights in court).

Appellee's Brief argues that a writ of possession has already been issued to Appellee, leaving no current, active "controversies" (aside from the other 3 current and active controversies/issues Appellee's Brief mentions, a self-contradiction with respect to the initial mistaken notion) per the case in County and JP courts. Appellee's Brief then concludes that this Court of Appeals has no "controversy" to resolve, since the lower courts allegedly have resolved all controversies in this suit, leaving the Court of Appeals without (any) subject matter jurisdiction. If this line of faulty rationalization were to be applied to all cases appealed from County Court, Appellee's Brief would reach the absurd conclusion that there's no need for a Court of Appeals in any eviction suit.

But Appellee's Brief fails to mention that in the process of administrating and enforcing the judgment from County Court for this case, and issuing the writ of possession to Appellee, a violation of TRCP Rule 627 occurred, and the writ of possession and the physical eviction was undertaken prematurely. The Judgment and how the judgment was processed is what is being appealed. Possession is only one of the aspects of the judgment from County Court #3. There were many errors in the County Court process, one of which resulted in a surprise eviction with 24-hour notice to vacate, during a rainy week in early November 2016. There is no rule or law that makes a writ of possession irrevocable or irremediable. The type of faulty arguments presented by Petitioner/Appellee, and the litigation in Court has caused much damage to Appellant's medical state, and to his formal marital relationship with his wife who is afraid of Courts, and therefore has not appeared in any court for this case. Appellee's representatives have used her understandable fright to prejudice Appellant's case, though the courts must guard for prejudice.

Appellant's Prayer is as stated in Appellant's Amended Brief, but now in reference to the list of Damages to Defendant/Appellant included here in detail.

Respectfully submitted,

John W. Devilbiss          Date: Nov. 1, 2017

## CERTIFICATE OF SERVICE

I, John DeVilbiss, certify that on _Nov. 2, 2017_ a true and correct copy of this Appellant's Reply Brief was served to the following persons:

_Via Certified Mail_

Kristopher L. Bowen, Jr.

(Counsel for Appellee)

7272 Wurzbach Road, Suite 1401

San Antonio, Texas 78240

_Via First-Class Mail_

Susan K. DeVilbiss

(wife of Appellant John DeVilbiss)

231 W. Silver Sands Dr., Condo #2

San Antonio, TX 78216

_John W. DeVilbiss_      _Nov. 1, 2017_

John W. DeVilbiss, Pro Se, Appellant, Defendant      Date

I also certify that on October 31, 2017 a true and correct copy of the letter of October 30 from Appellant was served to the same persons, above, in the same manner.

# CERTIFICATE OF COMPLIANCE

I, John DeVilbiss, Appellant in this case at the Texas 4th Court of Appeals certify that this Appellant's Reply Brief is composed in its totality of 7473 words, as counted by Microsoft Word version 2016, in accordance to T.R.A.P. Rule 9.4(i)(2)(c).

_John W. DeVilbiss_                          _Nov. 1, 2017_

John W. DeVilbiss, Pro Se, Appellant, Defendant          Date

# APPENDIX FOR APPELLANT'S REPLY BRIEF

Numbered Exhibits Referred to in the Appellant's Reply Brief,

Texas 4th Court of Appeals, Case number: 04-16-00711-CV

## Exhibits

(Numbering of exhibits is cumulative with exhibits in the Appellant's Amended Brief, for simplicity, starting from #14.)

#14. Copy of NOTICE OF JUDGMENT, 1 pg., (PER not SERVING SUSAN)

#15. Copy of pages 3 to 5 of index, County Clerk's Record of Trial Court Cause No. 2016CV04843.

## Quotations of Rules Cited in this Brief:

TRAP Rule 10. Motions in the Appellate Courts

10.1. Contents of Motions; Response

(a) Motion. Unless these rules prescribe another form, a party must apply by motion for an order or other relief. The motion must:

==>(2) state with particularity the grounds on which it is based;

==>(4) be served and filed with any brief, affidavit, or other paper filed in support of the motion; and

==>(5) in civil cases, except for motions for rehearing and en banc reconsideration, contain or be accompanied by a certificate stating that the filing

party conferred, or made a reasonable attempt to confer, with all other parties about the merits of the motion and whether those parties oppose the motion.

## 10.3. Determining Motions

==>(a) Time for Determination. A court should not hear or determine a motion until 10 days after the motion was filed, unless:

==>(1) the motion is to extend time to file a brief, a petition for review, or a petition for discretionary review;

==>(2) the motion states that the parties have conferred and that no party opposes the motion; or

==>(3) the motion is an emergency.

==>(b) Reconsideration. If a motion is determined prematurely, any party adversely affected may request the court to reconsider its order.

## 10.4. Power of Panel or Single Justice or Judge to Entertain Motions

==>(a) Single Justice. In addition to the authority expressly conferred by these rules or by law, a single justice or judge of an appellate court may grant or deny a request for relief that these rules allow to be sought by motion. But in a civil case, a single justice should not do the following:

====>(2) dismiss or otherwise determine an appeal or a motion for rehearing.

==>(b) Panel. An appellate court may provide, by order or rule, that a panel or the full court must act on any motion or class of motions.

## 38.2. Appellee's Brief

(a) Form of Brief.

(1) An appellee's brief must conform to the requirements of Rule 38.1, except that:

(A) the list of parties and counsel is not required unless necessary to supplement or correct the appellant's list;

(B) the appellee's brief need not include a statement of the case, a statement of the issues presented, or a statement of facts, unless the appellee is dissatisfied with that portion of the appellant's brief; and

(C) the appendix to the appellee's brief need not contain any item already contained in an appendix filed by the appellant.

(2) When practicable, the appellee's brief should respond to the appellant's issues or points in the order the appellant presented those issues or points.

---

## TRAP Rule 25. Perfecting Appeal

### 25.1. Civil Cases

(a) Notice of Appeal. An appeal is perfected when a written notice of appeal is filed with the trial court clerk. If a notice of appeal is mistakenly filed with the appellate court, the notice is deemed to have been filed the same day with the trial court clerk, and the appellate clerk must immediately send the trial court clerk a copy of the notice.

(b) Jurisdiction of Appellate Court.  The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from.  Any party's failure to take any other step required by these rules, including the failure of another party to perfect an appeal under (c), does not deprive the appellate court of jurisdiction but is ground only for the appellate court to act appropriately, including dismissing the appeal.

---

## TRCP RULE 13.  EFFECT OF SIGNING PLEADINGS, MOTIONS AND OTHER PAPERS; SANCTIONS

The signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment. Attorneys or parties who shall bring a fictitious suit as an experiment to get an opinion of the court, or who shall file any fictitious pleading in a cause for such a purpose, or shall make statements in pleading which they know to be groundless and false, for the purpose of securing a delay of the trial of the cause, shall be held guilty of a contempt. If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, after notice and hearing, shall impose an appropriate sanction available under Rule 215-2b, upon the person who signed it, a represented party, or both.

Courts shall presume that pleadings, motions, and other papers are filed in good faith. No sanctions under this rule may be imposed except for good cause, the particulars of which must be stated in the sanction order. "Groundless" for purposes of this rule means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law. A

general denial does not constitute a violation of this rule. The amount requested for damages does not constitute a violation of this rule.

---

TRAP 38.3.  Reply Brief

The appellant may file a reply brief addressing any matter in the appellee's brief. However, the appellate court may consider and decide the case before a reply brief is filed.

TRAP 43.2.  Types of Judgment

The court of appeals may:

...

(c) reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered; ...

<>

"The State of Texas"  NO._____2016CV04843_____

MARJORIE BURCH_____
Plaintiff
vs.

JOHN DEVILBISS ET AL_____
Defendant

IN THE COUNTY COURT AT

LAW NO._____3_____

BEXAR COUNTY, TEXAS

## NOTICE OF JUDGMENT

ON THE __11TH DAY OF OCTOBER, 2016__, _____A_____ JUDGMENT WAS RENDERED
AND SIGNED BY JUDGE _____TOMMY STOLHANDSKE_____ IN THE ABOVE NUMBERED CAUSE.

(POSSESSION) SUSAN DEVILBISS AND ALL OTHER OCCUPANTS AT 209 W SILVER SANDS
APARTMENT 1, SAN ANTONIO, TEXAS 78216

GERARD RICKHOFF

County Clerk of Bexar County, Texas
Bexar County Courthouse
San Antonio, Texas 78205

By:_____Deputy

JOHN DEVILBISS
209 W SILVER SANDS
APARTMENT 1
SAN ANTONIO, TX 78216

**(DKCNJD)**

ORIGINAL

12. JOHN DEVILBISS, DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S PETITION FOR EVICTION_____94-103
            FILED 09/19/2016

13. PLAINITFF'S MOTION TO SET ON NON-JURY DOCKET_____104-105
            FILED 09/19/2016

14. COUNTY CLERK - CIVIL CENTRAL FILING RECEIPT - RENT_____106-107
            FILED 09/23/2016

15. DEFENDANT, JOHN DEVILBISS' MEMORANDUM_____108
            FILED 09/26/2016

16. DEFENDANT, JOHN DEVILBISS' MOTION TO SET TRIAL ON NON-JURY DOCKET (COUNTER-MOTION)_____109-112
            FILED 09/28/2016

17. NOTICE OF APPEARANCE OF COUNSEL FOR APPELLANT JOHN DEVILBISS___113
            FILED 09/29/2016

18. COUNTY CLERK - CIVIL CENTRAL FILING RECEIPT - RENT_____114

19. DOCKET SLIP 09/30/2016_____115

20. DOCKET SLIP 10/07/2016_____116

21. JUDGMENT_____117
            SIGNED 10/11/2016

22. NOTICE OF JUDGMENT - JOHN DEVILBISS_____118

23. NOTICE OF JUDGMENT - SUSAN DEVILBISS_____119

24. DEFENDANT, JOHN DEVILBISS' MOTION TO MODIFY, CORRECT OR REFORM JUDGMENT_____120
            FILED 10/10/2016

25. FIAT - DEFENDANT, JOHN DEVILBISS' MOTION TO SET_____121
            FILED 10/10/2016

26. ORDER RELEASING FUNDS HELD IN THE REGISTRY OF THE COURT_____122
            SIGNED 10/11/2016

3

27. DEFENDANT, SUSAN DEVILBISS' ANSWER TO APPEAL CUASE OF EVICTION CAUSE NO 32E1602274_____123-134
        FILED 10/13/2016

28. DEFENDANT, JOHN DEVILBISS' AMENDED MOTION TO MODIFY, CORRECT, OR REFORM JUDGMENT_____135-138
        FILED 10/19/2016

29. DEFENDANT, JOHN DEVILBISS' MOTION FOR FINDING OF FACT AND CONCLUSIONS OF LAW_____139-140
        FILED 10/19/2016

30. DOCKET SLIP 10/20/2016_____141

31. DEFENDANT, JOHN DEVILBISS' MOTION FOR ARREST OF JUDGMENT AND NEW TRIAL_____142-149
        FILED 10/20/2016

32. RETURN TO SENDER MAIL – SUSAN DEVILBISS_____150-151
        FILED 10/21/2016

33. ORDER DENYING MOTION TO MODIFY, CORRECT, OR REFORM JUDGMENT_____152
        SIGNED 10/21/2016

34. WRIT OF POSSESSION_____153-157
        FILED 10/27/2016

35. PLAINTIFF'S MOTION FOR SANCTIONS_____158-161
        FILED 10/27/2016

36. DOCKET SLIP 10/28/2016 – DEF NON-JURY_____162

37. DOCKET SLIP 10/28/2016 – NEW TRIAL_____163

38. ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS_____164
        SIGNED 10/28/2016

39. ORDER DENYING DEFENDANT'S MOTION TO ARREST THE JUDGMENT AND MOTION FOR NEW TRIAL_____165
        SIGNED 10/28/2016

40. NOTICE OF APPEAL_____166-167
        FILED 10/28/2016

41. AFFIDAVIT OF INABILITY_____168-170
        FILED 10/28/2016

4

42. COURT OF APPEALS - NOTICE OF APPEAL_____171
      FILED 10/28/2016

43. COURT OF APPEALS - AFFIDAVIT OF INABILITY_____172
      FILED 10/28/2016

44. COURT OF APPEALS - APPELLANT'S MOTION TO STAY_____173
      FILED 10/28/2016

45. COURT OF APPEALS - APPELLANT'S LETTER_____174
      FILED 10/31/2016

46. COURT OF APPEALS - ORDER DENYING MOTION TO STAY_____175-176
      SIGNED 10/31/2016

47. ORDER DENYING MOTION TO MODIFY, CORRECT OR REFORM JUDGMENT_____177
      SIGNED 11/01/2016

48. COURT CLERK - CIVIL CENTRAL FILING RECEIPT - RENT_____178
      FILED 11/02/2016

49. PROCEEDINGS HAD IN CASE_____179

50. DOCKET SHEET_____180-184

51. BILL OF COST_____185

52. CERTIFICATE_____186